IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

S.Z.D.,

    Petitioner,

  v.

CAMILLA WAMSLEY, Seattle Field Office
Director, Immigration and Customs
Enforcement and Removal Operations
("ICE/ERO"); TODD LYONS, Acting Director
of Immigration Customs Enforcement ("ICE");
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT; KRISTI NOEM, Secretary
of the Department of Homeland Security ("DHS");
U.S. DEPARTMENT OF HOMELAND SECURITY,

    Respondents.

Case No. 3:25-cv-01931-AB

Agency No. A240-958-780

ORDER

1 – ORDER

**BAGGIO, District Judge:**

Petitioner S.Z.D., a citizen of Mexico detained by Respondents on October 20, 2025, in Portland, Oregon, filed a petition for habeas corpus. Petitioner requests that this Court: (1) assume jurisdiction over this matter; (2) order Respondents to appear before the Court and show cause justifying Petitioner's detention; (3) enjoin Respondents from depriving Petitioner of his liberty by incarcerating him during the pendency of this litigation; (4) enjoin Respondents from removing Petitioner from the jurisdiction of Oregon while this Petition is pending; (5) issue a Writ of Habeas Corpus requiring Respondents to release Petitioner immediately on reasonable conditions; and (6) grant such further relief as the Court deems just and proper. Pet. Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet."), 4-5, ECF No. 1. To date, Petitioner has not served a copy of his Petition on Respondents. Petitioner also filed a motion for temporary restraining order. Pet'r's Mot. for and Mem. in Supp. of TRO, ECF No. 2.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of the Court must serve a copy of this Petition upon Respondents and the Interim United States Attorney for the District of Oregon, Scott Bradford (scott.bradford@usdoj.gov).

2. Respondents shall, no later than October 22, 2025, at noon Pacific Daylight Time, answer or respond to the Petition and Motion for Temporary Restraining Order.

3. Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, *see* 8 U.S.C § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "a

federal court always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give this Court the opportunity to determine whether it has subject-matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order the respondent to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 294–95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. Unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondent believes that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. If the Respondent has already moved Petitioner outside of this District, Respondent is ordered to notify the Court **within two hours of being served with this Order**.

3 – ORDER

Respondent is further ordered to state the exact date and time that Petitioner left the District of Oregon and the reason why Respondent believed that such a move was immediately necessary.

      6.      In light of Petitioner's pending Motion for Temporary Restraining Order (ECF No. 2), Respondents shall ensure Petitioner's Counsel has reasonable access to their client.

IT IS SO ORDERED.

DATED this 20th day of October, 2025.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

4 – ORDER